| MAMES F. McKAY III, Judge.
In 1985, Lake Forest, Inc. (Lake Forest) began developing the Eastover Subdivision, an upscale private residential community in eastern New Orleans. In connection with the subdivision’s development, Lake Forest promulgated a comprehensive act of restrictions which it filed with the Orleans Parish Conveyance Office on April 22, 1987. Article IV of the act of restrictions created the Eastover Property Owners’ Association, Inc. (EPOA), a non-profit corporation responsible for owning, operating, maintaining and administering the common properties of the subdivision and enforcing the subdivision and enforcing the subdivision’s restrictive covenants; every person who is a record title owner of certain lots located in the Eastover subdivision are members of the EPOA.
Article VII of the act of restrictions requires that each member of the association pay regular dues and/or assessments on the first day of each quarter. The amount of dues and/or assessments was originally set at $180.00 per quarter, but has since been increased pursuant to a provision of the act which gives the board of directors the authority to change the regular dues or assessments by ten 12percent in any given twelve month period. This has happened on five occasions since 1987. In August of 1995, the board of directors passed a resolution that imposed a ten percent late fee on the fifteenth day of the second month of a quarter for the late payment of dues and/or assessments. Additionally, the members of the EPOA approved a one time special assessment of $150.00 in 1995.
On July 12, 1988, Mr. and Mrs. Charles Cochrane purchased Lot 13 of square “G” in the Eastover Subdivision from Lake Forest. The act of sale for this lot reflected that the sale was made and accepted subject to a number of conditions, which indicated that the purchasers accepted the purchase of the lot subject to the Eastover act of restriction and therefore became members of the EPOA. The Cochranes paid the quarterly dues and/or assessment on their lot from the date of purchase through January of 1996. Since that time the Cochranes have not paid the assessment on their lot.
*712 On April 20, 1999, the EPOA filed suit against the Cochranes seeking payment of past due assessments plus late fees. In response, the Cochranes filed an answer and reconventional demand as well as an exception of prescription. On July 6, 2000, the trial court denied the Cochranes’ exception of prescription and on November 9, 2000 this Court denied the writ application. On June 15, 2002, the EPOA filed a supplemental and amending petition wherein it sought the payment of past due assessments and late fees from the Coch-ranes that had accrued since the filing of its original petition. The Cochranes denied the allegations in the supplemental petition.
|sThe case proceeded to trial on February 4, 2002 and the trial court rendered judgment in favor of the EPOA and against the Cochranes, ordering them to pay $18,778.15 to the EPOA. On February 15, 2002, the Cochranes filed a motion to correct an error in calculation and on the same day sought to suspensively appeal the judgment of February 7, 2002. On April 9, 2002, the trial court granted the Cochranes motion to correct error in calculation and reduced the amount of the award to the EPOA to $17,429.56.
The Cochranes raise the following assignments of error on appeal: 1) the trial court erred when it dismissed the Coch-ranes’ exception of prescription when suit was filed more than two years after a violation of an act of restriction; 2) the trial court erred when it dismissed a re-conventional demand as a defense; 3) the trial court erred when it held that the Cochranes’ legal remedy for a breach of an act of restrictions was not a breach of contract suit but a writ of mandamus;[1] and 4) the trial court erred when it interpreted a clause that authorized the EPOA to raise assessments by ten percent annually as also authorizing EPOA to impose a ten percent penalty compounded quarterly for late/non-payment of assessments.
It is well settled that a court of appeal may not set aside a trial court’s or jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong,” and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable evaluations of fact should not be disturbed upon review, Leven though the appellate court may feel that its own evaluations and inferences are as reasonable.” Rosell v. ESCO, 549 So.2d 840 (La.1989).
The Cochranes contend that the quarterly assessments should be treated as building restrictions and that the EPOA should be limited by Louisiana Civil Code Article 781 to collecting past due assessments that are no older than two years from the date suit was filed. In pertinent part, Louisiana Civil Code Article 781 provides: “No action for injunction or for damages on account of the violation of a building restriction may be brought after two years from the commencement of a noticeable violation.” However, the East-over act of restrictions clearly sets forth the nature of the assessments as being personal to the owners of the property. The last paragraph of Article VII of the act states: “If any member shall fail to pay such dues or assessments when due, the Board of Directors may, in addition to the personal action against such member, ...” (emphasis added). Louisiana Civil Code Article 3499 provides: “Unless otherwise provided by legislation, a personal action is subject to a liberative prescription *713 of ten years.” Furthermore, this Court has already ruled that the trial court did not err when it ruled that the EPOA action had not prescribed. Accordingly, we now find no error in this ruling.
The Cochranes contend that the trial court erred when it treated their reconven-tional demand as a defense. The record of this case indicates that the trial court permitted the Cochranes to introduce evidence and testify to those matters which they believed supported their defense of the case as well as their reconventional demand. Furthermore, the Cochranes admit that at a side bar the ^parties and the court agreed that the Cochranes reconven-tional claim did not have to be presented separately, but that the court would consider the testimony of the defendants as a presentation of their case in chief as it related to their reconventional demand. Accordingly, this assignment of error is without merit.
The Cochranes contend that the trial court erred when it interpreted a clause that authorized the EPOA to raise assessments by ten percent annually as also authorizing the EPOA to impose a ten percent penalty compounded quarterly for late/non-payment of assessments. The trial court reasoned that any increase in late fees must be analyzed as if it were an increase in assessments. The trial court also opined that a ten percent late fee is within the range allowed under Article VII of the act of restrictions because Article VII allows the Board to unilaterally raise assessments by as much as ten percent in any given year. Article VII, however, was not the article that the Board relied on when it imposed the late fees; the Board relied on Article 11(f). Article 11(f) gives the authority to do any other things that, in their opinion, will promote the common benefit and enjoyment of the residents of the subdivision.
We must now examine whether the Board exercised the authority reasonably. The Board’s implementation of the late fee was not designed to be a means to generate additional revenue over and above the quarterly assessments provided for in the act of restrictions. The late fee was imposed as a means to encourage all of the property owners to timely pay their quarterly assessments. The Board’s actions were necessitated because a short fall in the collection of the ^quarterly assessments would directly impact all of the property owners in the subdivision because services would have to be reduced or eliminated. This reduction or elimination of services would adversely affect not only the property owners who were delinquent in the payment of the quarterly assessments but the entire subdivision. Therefore, the Board’s decision to impose the late fees was reasonable. Accordingly, we affirm the trial court’s judgment on this issue.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. This Court will not address this issue as we believe it is moot in light of the trial court’s other actions.