STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 0023

BRUCE CHILDERS

VERSUS

LAUREL LAKES ESTATES HOMEOWNERS ASSOCIATION, INC.

*DATE OF JUDGMENT:* **NOV 3 0 2023**

ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA
NUMBER C699089, SECTION 25

HONORABLE WILSON E. FIELDS, JUDGE

* * * * * *

Taylor Dunne                                   Counsel for Plaintiff-Appellant
Thomas D. Gildersleeve                         Bruce Childers
Leah C. Cook
Baton Rouge, Louisiana


Edward J. Laperouse, II                         Counsel for Defendant-Appellant
Laura E. Marcantel                              Laurel Lakes Estates Homeowner's
Trenton C. Ball                                 Association, Inc.
Christopher M. Patin
Baton Rouge, Louisiana

* * * * * *

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

Disposition: **AMENDED AND, AS AMENDED, AFFIRMED.**

Hester, J. concurs

**CHUTZ, J.**

Defendant-in-reconvention, Bruce Childers, appeals the trial court's judgment, concluding that he violated the landscaping maintenance covenant set forth in a subdivision's declaration and awarding a fine and attorney fees in favor of plaintiff-in-reconvention, Laurel Lakes Estates Homeowner's Association, Inc. (the HOA). The HOA also appeals, seeking an increase in the amount of attorney fees awarded. For the following reasons, we amend the amount of the attorney fees and, as amended, affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Childers instituted this lawsuit on August 28, 2020, by filing a petition for declaratory relief, wherein he averred that five amendments to the subdivision's "Declaration of Protective Covenants and Restrictions for Laurel Lakes Estates" (the Declaration) were not passed in accordance with the process outlined in the Declaration and/or violated the terms of the Declaration. He asked that the court declare the amendments invalid and of no effect, award damages for all past charged assessments and the costs of prosecuting the suit for declaratory judgment. The HOA answered the lawsuit and, on October 23, 2020, asserted a reconventional demand, averring that it had imposed a fine against Childers in the total amount of $3,300.00 that Childers did not pay. In addition to recovery of the fine, the HOA requested attorney fees. Childers answered the reconventional demand, generally denying the HOA's allegations.

In a judgment, signed on January 24, 2022, the trial court subsequently granted a motion for partial summary judgment filed by the HOA and dismissed all of Childers' claims on the principal demand. On appeal, this court concluded that Childers' claims challenging four of the five amendments to the Declaration were prescribed, and the other amendment was valid and enforceable. Thus, the trial

2

court's judgment, dismissing all of Childers' claims based on its conclusion that all the amendments to the Declaration were valid and enforceable, was affirmed. See *Childers v. Laurel Lakes Estates Homeowners Ass'n, Inc.*, 2022-0936 (La. App. 1st Cir. 5/24/23), 368 So.3d 1123.

Insofar as the HOA's reconventional demand, the trial court overruled a peremptory exception raising the objection of prescription asserted by Childers and proceeded to a three-day trial at which testimonial and documentary evidence was adduced. The trial court subsequently issued oral reasons for judgment, finding that Childers violated the landscaping maintenance covenant of the Declaration, as amended, and awarded a fine of $100.00 to the HOA. It also imposed attorney fees against Childers and in favor of the HOA in the amount of $69,225.00. A judgment in conformity with the trial court's rulings was signed on May 13, 2022. The trial court denied the HOA's limited motion for new trial, which sought an increase in the amount of attorney fees. Both Childers and the HOA have appealed.

## PRESCRIPTION

On appeal, Childers initially challenges the trial court's denial of his peremptory exception raising the objection of prescription, asserting that the HOA's reconventional demand was untimely. As such, Childers contends that the HOA is not entitled to a fine, suggesting that his property should be released from the landscaping maintenance covenant set forth in the Eighth Amendment to the Declaration.

Initially, we note a judgment overruling an exception is generally considered an interlocutory judgment and is not appealable. See La. C.C.P. arts. 1841 and 2083. However, when an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory rulings prejudicial to him in addition to the review of the final judgment. *State Through Louisiana*

3

*Bd. of Ethics v. Dumas*, 2023-0013 (La. App. 1st Cir. 6/2/23), 370 So.3d 55, 58 n.1.

The objection of prescription may be raised by a peremptory exception. La. C.C.P. art. 927(A)(1). Ordinarily, a party urging the exception of prescription bears the burden of proving that the prescriptive period has accrued. *Newton v. St Tammany Fire Dist. No. 12*, 2020-0797 (La. App. 1st Cir. 2/19/21), 318 So.3d 206, 210. When evidence is introduced at the hearing, the trial court's findings are reviewed under a manifest error standard of review. But even if evidence is introduced, when there is no dispute regarding material facts, the reviewing court applies a de novo standard of review, giving no deference to the trial court's legal conclusions. See *Wilson v. Whitfield*, 2022-0488 (La. App. 1st Cir. 2/24/23), 361 So.3d 512, 515.

Childers maintains that the landscaping maintenance covenant constitutes a building restriction and, as such, is subject to the liberative prescription of two years set forth in La. C.C. art. 781. Article 781 states:

> No action for injunction or for damages on account of the violation of a building restriction may be brought after two years from the commencement of a noticeable violation. After the lapse of this period, the immovable on which the violation occurred is freed of the restriction that has been violated.

The HOA relies on La. C.C. art. 3499 to assert that its reconventional demand is subject to a ten-year prescriptive period. According to Article 3499, "Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years."

The undisputed evidence established that the HOA created a deficiency report noting landscaping maintenance covenant violations on Childers' property at some time prior to the October 23, 2018 annual meeting of the HOA. Childers asserts that the HOA's reconventional demand seeking a fine constituted an action

4

for damages. Since the action was not filed until October 23, 2020, it was untimely, having been brought more than two years from the commencement of the noticeable and apparent violation.

Building restrictions, or "restrictive covenants" as they are generally known in the common law and occasionally termed in Louisiana, are charges imposed by the owner of an immovable in pursuance of a general plan governing building standards, specified uses, and improvements. See La. C.C. art. 775; *Fern Creek Owners' Ass'n, Inc. v. City of Mandeville*, 2008-1694 (La. App. 1st Cir. 06/30/09), 21 So.3d 369, 377.

The Louisiana Homeowners Association Act, La. R.S. 9:1141.1-1141.9 (the LHAA), became effective on June 16, 1999. See 1999 La. Acts, No. 309. The LHAA does not affect the validity or superiority of any provision of a community document and applies only to the extent that community documents are silent. See La. R.S. 9:1141.3(A). The statutory scheme established by the LHAA mandates that community documents prevail over the LHAA, except to the extent that community documents are silent. Under the LHAA, La. C.C. art. 783 was also amended to provide that the [LHAA] "shall supersede any and all provisions ... Title [V. Building Restrictions] in the event of a conflict." See *Fern Creek Owners' Ass'n, Inc.*, 21 So.3d at 377.

The Declaration, as amended, is a community document. See La. R.S. 9:1141.2(3). According to the pertinent provisions of Article II, Item 4(h)(1) of the Declaration, as set forth in the Eighth Amendment:

> Any ... fine not paid within ... [30] days after the due date shall bear interest.... The HOA may bring an action at law against the Owner personally obligated to pay the same or foreclose the ... lien and privilege against the Owner's Estate.

It is undisputed that when Childers purchased his home, he did so subject to the provisions set forth in the Declaration. And while he called into question the

5

propriety of the Eighth Amendment in his principal demand, seeking a declaratory judgment holding that the amendment was invalid, the trial court concluded to the contrary, and this court affirmed. Thus, the provisions of Article II, Item 4(h)(1) of the Declaration, as amended, are applicable, and the HOA's action against Childers to pay the fine assessed against him is a personal obligation. Because the obligation to pay any properly assessed the fine against him in accordance with the amended provisions of the Declaration is personal, the applicable prescriptive period is ten years as provided by La. C.C. art. 3499. See *Southern Trace Prop. Owner's Ass'n v. Williams*, 52,653 (La. App. 2d Cir. 9/25/19), 280 So.3d 826, 829-34. See also *Eastover Prop. Owner's Ass'n, Inc. v. Cochrane*, 2002-1502 (La. App. 4th Cir. 05/21/03), 848 So.2d 710, 712-13, writ denied, 2003-1604 (La. 11/21/03), 860 So.2d 544 (given the terms of the subdivision's act of restriction, which set forth the nature of the assessments as being personal to the owners of the property, the 10-year prescriptive period of Article 3499 applied).[1] Accordingly, the trial court correctly overruled Childers' exception of prescription directed at the HOA's reconventional demand.

## IMPOSITION OF FINE

Childers asserts the trial court erred in concluding that he violated the landscaping maintenance provisions set forth in the Eighth Amendment to the Declaration. Those provisions state in relevant part:

> Landscape maintenance: Each Estate Owner shall be responsible for the maintenance of all landscaping on his Estate and for maintaining his Estate, residence and driveway in a clean and orderly fashion at all times, and the owner shall be responsible for paying all costs of said maintenance and for any such repairs which may be necessary.

---

[1] Section 4 of 1999 La. Acts, No. 309, expressly provides that the provisions of the LHAA legislatively overrule the case of *Brier Lake, Inc. v. Jones*, 97-2413 (La. 4/14/98), 710 So.2d 1054, are remedial, and shall apply both prospectively and retroactively. Thus, Childers' reliance on *Brier Lake* to suggest the landscaping maintenance covenant constitutes a building restriction subject to the 2-year prescriptive period set forth in Article 781 is misplaced.

Estate Owners shall be responsible for maintaining their own landscaping and keeping Estates mowed at all times and free from rubbish, trash, excess building materials, debris and noxious weeds. If landscaping is not maintained, if weeds or grass are allowed to grow in excess of 8", or if rubbish or trash, etc. is allowed to remain on any Estate in such amounts as shall be considered unsightly (in the sole discretion of the [Architectural Control Committee (ACC)]), the ACC may levy a fine/penalty in the amount of $100 against Estate Owner. If the unsightly condition remains for more than 7 days after a fine is levied and notice given to the Estate Owner, the ACC may levy an additional $100 fine for each [7-day] period until the condition/violation has been rectified. Notice of such fine will be sent via email and/or attached to Owner's monthly statement.

Building restrictions imposed on a subdivision may be likened to a contract among the property owners and the developer. *Doyle v. Lonesome Dev., Ltd. Liab. Co.*, 2017-0787 (La. App. 1st Cir. 7/18/18), 254 So.3d 714, 728, writ denied, 2018-1369 (La. 11/14/18), 256 So.3d 291. Documents establishing building restrictions are subject to interpretation and enforcement as contracts. *Id.*

Contracts have the effect of law between the parties and the courts are to interpret them according to the common intent of the parties. See La. C.C. arts. 1983, 2045. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art. 2046. Parties are free to contract for any object that is lawful. La. C.C. art. 1971.

Contracts, subject to interpretation from the instrument's four corners without the necessity of extrinsic evidence, are to be interpreted as a matter of law. *Hampton v. Hampton, Inc.*, 97-1779 (La. App. 1st Cir. 6/29/98), 713 So.2d 1185, 1189-90. But the trial court's factual findings pertinent to the interpretation of a contract are not to be disturbed unless manifest error is shown. See *Hornbeck Offshore Operators, LLC v. Cross Grp., Inc.*, 2016-0174 (La. App. 1st Cir. 10/31/16), 207 So.3d 1141, 1146, writ denied, 2016-2095 (La. 1/9/17), 214 So.3d 872.

7

The trial court concluded that Childers did not receive notice of the imposition of a $100.00 fine until receipt of the October 30, 2019 certified letter from the ACC, which advised Childers that the fine had begun to accrue as of April 3, 2019 for a total amount due of $3,300.00. Because of the lack of notice, the trial court limited the HOA's recovery from Childers to the $100.00 fine. On appeal, the HOA has not challenged either the trial court's factual finding that notice was not received by Childers until the October 30, 2019 letter or the quantum of the fine and, thus, these conclusions are not subject to review.

In his appeal, Childers likewise does not assign error to the quantum of the fine imposed. Instead, he contends that the trial court erred in concluding he violated the landscaping maintenance covenant so as to warrant the imposition of any fine at all.

The record contains sufficient evidence to support the trial court's factual finding that Childers violated the landscaping maintenance covenant. According to the October 30, 2019 letter, the April 3, 2019 letter to Childers was attached in which the ACC had advised Childers that, in addition to the need to submit a landscaping plan for ACC approval, a "[m]ulch pallet cannot be stored where visible from the street." Under Article II, Sec. 3(b)(1), the estate owner is responsible for keeping the estate free from rubbish, trash, excess building materials and that if "rubbish or trash, etc." is allowed to remain on any estate in such amounts as shall be considered unsightly in the sole discretion of the ACC, the ACC may levy a fine/penalty in the amount of $100.00. Although Childers suggests that the pallet of mulch is indicative of landscaping maintenance and cannot be considered "rubbish or trash," the Declaration leaves to "the sole discretion" of the ACC the determination of the amount of "rubbish or trash, etc." that is "considered unsightly." Childers acknowledged having had a pallet with 50

8

bags of mulch in his yard. He testified that the pallet was stored behind a bush by a parking pad on the east side of the house and admitted the pallet was present for two to three weeks. Childers described that the location of the stored pallet fronted the street. This testimony constitutes a reasonable factual basis to support the trial court's finding that Childers violated the landscaping maintenance covenant.[2] Therefore, the trial court correctly awarded to the HOA the fine of $100.00.

## ATTORNEY FEES

Attorney fees are recoverable when specifically authorized by a contract. *H&E Equip. Servs., Inc. v. Sugar & Power Int'l, LLC*, 2016-1070 (La. App. 1st Cir. 2/17/17), 215 So.3d 446, 451. The amended Declaration, which we interpret and enforce as a contract, see *Doyle*, 254 So.3d at 728, provides in Article VI, Paragraph 1(a):

> The [HOA], [ACC], or any Owner, shall have the right to enforce, by any proceeding at law or in equity, all restrictions, conditions, covenants, reservations, easements, liens and charges now or hereafter imposed by the provisions of this Declaration. The non-prevailing party to any proceeding at law or in equity shall be responsible for all costs, including [attorney] fees.

In fashioning its attorney fees award of $69,225.00, the trial court stated:

> I know that the [HOA] argued ... that the [attorney] fees [determination] does not hinge upon whether or not they are reasonable .... However, the court has to have something to go off to know whether or not the hours that were put on the paper were actually hours as it relates to reasonableness of this particular case. So in calculating the [attorney] fees, during the trial it was mentioned that each homeowner was assessed $1500 for this litigation. I asked ... Childers ... whether ... he paid that $1500. And he paid the $1500 towards the litigation that is against him. So that gave the court reason to believe that all of the homeowners paid their $1500. And [there are] 43 lots .... [W]hen I calculated 1500 times 43 lots, I came up with

---

[2] At the time the HOA imposed the fine, the only outstanding violation the ACC claimed existed was that "[a] new professional landscape plan needs to be submitted to the ACC for approval and then implemented by owner." Childers asserts that because nothing in the applicable version of Article II, Sec. 3(b)(1) requires that he submit new landscaping plans or authorizes the imposition of a fine for an owner's failure to submit and obtain approval of such landscaping plans, the trial court erred in finding him liable for the $100.00 fine. Because a reasonable factual basis exists to support the trial court's imposition of the $100.00 fine, we find it unnecessary to reach these issues and pretermit such a discussion.

$64,500 for [attorney] fees. Plus I calculated the time that we spent here in court on this case. I understand the [HOA] had three lawyers representing [it] on this matter. But the court looked at the amount of time ... that was spent in trial [which] was 13 [and] ½ hours. ... [Thirteen and one-half hours] times $350 ... [comes] up to $4,725 ... for a total of ... $69,225.

Both Childers and the HOA have appealed the trial court's award of $69,225.00 in attorney fees.[3] Childers contends the award is unreasonable and excessive, while the HOA maintains that, pursuant to the provisions of Article VI, Paragraph 1(a) of the Declaration, it is entitled to $109,033.41, the full amount its attorneys charged.

The trial court has much discretion in fixing an award of attorney fees, and its award will not be modified on appeal absent a showing of an abuse of discretion. But attorney fees must be "reasonable." The amount is regulated by the Rules of Professional Conduct. *MIE Properties-La, L.L.C. v. Carey*, 2016-0763 (La. App. 1st Cir. 2/17/17), 213 So.3d 1274, 1282.

Rule 1.5(a) of the Rules of Professional Conduct provides the following factors to determine attorney fees:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;

---

[3] Childers assigned as error the trial court's interlocutory ruling, which denied his motion to amend his first amended petition for declaratory relief to expressly allege entitlement to attorney fees which, he asserted, was an implicit request in his earlier prayer for costs. Childers was unsuccessful in his appeal of the trial court's dismissal of his declaratory relief claims, see *Childers*, 368 So.3d at 1134, and we have found no merit in his challenge of the imposition of the $100.00 fine against him. Therefore, as the non-prevailing party, Childers is not entitled to attorney fees under Article VI, Paragraph 1(a) of the Declaration. Thus, the issue of his entitlement to attorney fees is moot. See *Cat's Meow, Inc. v. City of New Orleans*, 98-0601 (La. 10/20/98), 720 So.2d 1186, 1193 (Courts will not decide abstract, hypothetical, or moot controversies, or render advisory opinions. To avoid such questions, courts require cases submitted for adjudication to be justiciable and ripe for decision. A justiciable controversy connotes an existing actual and substantial dispute.).

10

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

While we find the trial court's approach in fashioning its award innovative, in light of the evidence in this record, we conclude that the amount of $69,225.00 is unreasonably excessive. Thus, we turn to the evidence to determine an amount of reasonable attorney fees. See *MIE Properties-La, L.L.C.*, 213 So.3d at 1282.

Despite the zealous advocacy of the parties, the litigation was not complex although areas of the law were not fully settled. Laperouse APLC (Laperouse) provided to the HOA its primary representation. Although Laperouse clearly expended much time and effort, the redaction of all the entries in the invoices delineating the activity it undertook makes it impossible for this court to assess whether the efforts were necessary and proper. Furthermore, the HOA was awarded only $100.00 of the $3,300.00 fine it sought from Childers.

Moreover, $19,246.50 of the $109,033.41 of the attorney fees that the HOA contends constitutes a reasonable attorney fee is attributable to Christopher L. Whittington, the attorney who acted as the HOA's corporate representative to assist Laperouse. According to Whittington, the HOA found it "more economical" to hire him to gather information since, as a homeowner in the Laurel Lakes Estates subdivision, he had "more access" to that information. Whittington testified that because the events giving rise to the litigation occurred before he lived in the subdivision, it made gathering information to respond to Childers' discovery "challenging." His hourly rate in rendering services on behalf of the HOA was $340.00. Whittington forthrightly acknowledged that he charged the HOA for all appearances he made, including the time he spent in preparation of and attendance

11

at his HOA corporate representative deposition. He also charged for the time he was present at the depositions of HOA board members Gina Callahan and Spencer Callahan at which Laperouse also had two attorneys present defending the HOA.

The fees charged to the HOA by Laperouse and Whittington were at fixed rates. In addition to Whittington's hourly rate of $340.00, Laperouse, which applied reductions to its customary rates, charged the HOA the hourly rate of $285.00 for the lead attorney and $195.00 for the lead associate attorney.[4] Whittington testified that he had 29 years of experience and that Laperouse's lead attorney had a similar length of experience as well as significant homeowners association litigation experience. No other explanation was offered for the charges set forth in the Laperouse invoice.[5]

While unsuccessful in collecting the entire fine the HOA sought to collect, it is evident from the record that much time and diligent efforts were expended in the attorneys' collection work. Additionally, we note that in pursuing representation on behalf of the HOA, other advocacy opportunities were precluded particularly to Laperouse whose homeowners litigation expertise resulted in a more direct appreciation of the factual issues. Considering the factors required in the

---

[4] While the redacted invoice established a third biller (Michelle Crosby), who charged the HOA at the rate of $275.00/hour, nothing in the testimony identified who she was or the activity she undertook in representing the HOA.

[5] The HOA maintains that in fashioning reasonable attorney fees, its defense against Childers' claims on his principal demand should be considered, noting that Laperouse charged it $64,459.51 as of the date of the hearing on the motion for partial summary judgment. But despite the HOA's having alleged entitlement to an award of attorney fees, the judgment, which granted the motion for partial summary judgment and dismissed all of Childers' claims against the HOA, did not award attorney fees. Because the HOA failed to seek attorney fees in conjunction with the trial court's rendition of the final judgment rejecting all of Childers' claims in his principal demand, see La. C.C.P. art. 1915(A)(1), it cannot do so now. See La. R.S. 13:4231 ("[A] valid and final judgment is conclusive between the same parties, except on appeal or other direct review ... [i]f the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action."). Thus, in our calculation of reasonable attorney fees, we consider only the attorney fees the HOA incurred in conjunction with its claim for the imposition of a fine for Childers' violation of the landscaping maintenance covenant.

12

determination of an amount of reasonable attorney fees, we conclude an award of $15,000.00 in attorney fees to the HOA is appropriate in this case. Therefore, the trial court's judgment is amended to award the amount of $15,000.00 in attorney fees to the HOA.

On appeal, the HOA seeks attorney fees for representation before this court. Generally, an increase in attorney fees should be awarded when a party who was awarded attorney fees in the trial court is forced to and successfully defends an appeal. *Osborne v. Ladner*, 96-0863 (La. App. 1st Cir. 2/14/97), 691 So.2d 1245, 1259. Since we have reduced the amount of the award of attorney fees, the HOA was only partially successful in defending the appeal. As such, we decline to make an additional award of attorney fees.[6]

## DECREE

For these reasons, we amend the trial court's judgment to award $15,000.00 in attorney fees to the HOA. The judgment is affirmed in all other respects. Costs of these appeals are assessed one-half to Bruce Childers and one-half to Laurel Lakes Estates Homeowner's Association, Inc.

**AMENDED AND, AS AMENDED, AFFIRMED.**

---

[6] Although the HOA successfully defended Childers' appeal of the partial summary judgment, it failed to file an answer and request attorney fees in that appeal and, thus, is not entitled to such relief in these appeals.

13